UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AMERICAN HONDA MOTOR CO., INC., CR-V VIBRATION
MARKETING AND SALES PRACTICES LITIGATION                    MDL No. 2661


TRANSFER ORDER


  **Before the Panel**:[*] Plaintiff in an action (*Oakes*) pending in the Central District of California moves under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of six actions pending in five districts, as listed on Schedule A.[1]

  Plaintiff in the Western District of Washington action (*Flanigan*) opposes centralization. If the Panel orders centralization over her objections, then the *Flanigan* plaintiff supports selection of the Southern District of Ohio as transferee district. Plaintiff in a second action (*Romaya*) pending in the Central District of California supports centralization in either that district or the Southern District of Ohio. Plaintiffs in the three other actions on the motion support centralization in the Southern District of Ohio, as does plaintiff in the one tag-along action.[2] Common defendant American Honda Co., Inc., supports centralization in the Central District of California.

  On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions – all of which are either putative nationwide or statewide class actions – share factual questions arising from allegations that the 2015 Honda CR-V has a defect or defects that cause the vehicle to vibrate excessively.[3] Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the

---

  [*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

  [1] The Panel has been informed of one additional related federal action. That action and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

  [2] The three other constituent actions are pending in the Southern District of Ohio (*Matiscik*), the Middle District of Tennessee (*Ward*), and the Western District of Virginia (*Cushing*). The tag-along action (*Vasquez*) is pending in the Northern District of Florida.

  [3] For the CR-V's 2015 model year, Honda updated the vehicle with a new "Earth Dreams" engine and a continuously variable transmission. Plaintiffs point to these changes as being a likely cause of the vibration.

judiciary.

In opposing centralization, the *Flanigan* plaintiff argues that informal coordination and cooperation by the involved parties and courts are preferable to an MDL. We find this argument unconvincing. Given the number of actions and districts, the involvement of many unique plaintiffs' counsel, and the apparent complexity of the factual issues, we conclude that formal centralization under Section 1407 is warranted.

We select the Southern District of Ohio as the transferee district for this litigation. Honda has a substantial presence in Ohio, including manufacturing and research and development facilities,[4] and thus relevant documents and witnesses will be found there. In addition, a majority of plaintiffs support selection of that district, either in the alternative or in the first instance.[5] The Honorable Michael H. Watson, to whom we assign this litigation, is an experienced jurist, and we are confident that he will steer the proceedings on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to the Southern District of Ohio, and, with the consent of that court, assigned to the Honorable Michael H. Watson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[4] The CR-V itself is manufactured at a Honda plant located in Ohio.

[5] We observe that the Southern District of Ohio presently has just two MDLs, whereas the Central District of California has twelve. *See In re: Groupon, Inc., Mktg. & Sales Practices Litig.*, 787 F. Supp. 2d 1362, 1364 (J.P.M.L. 2011) (centralizing litigation in the Southern District of California, noting that it was "a relatively underutilized transferee district . . . located in an accessible metropolitan area").

IN RE: AMERICAN HONDA MOTOR CO., INC., CR-V VIBRATION
MARKETING AND SALES PRACTICES LITIGATION     MDL No. 2661

## SCHEDULE A

<u>Central District of California</u>

ROMAYA v. AMERICAN HONDA MOTOR CO., INC., C.A. No. 2:15-03938
OAKES v. AMERICAN HONDA MOTOR CO., INC., ET AL., C.A. No. 8:15-01076

<u>Southern District of Ohio</u>

MATISCIK v. AMERICAN HONDA MOTOR COMPANY, C.A. No. 2:15-02612

<u>Middle District of Tennessee</u>

WARD, ET AL. v. AMERICAN HONDA MOTOR CO., INC., C.A. No. 3:15-00767

<u>Western District of Virginia</u>

CUSHING v. AMERICAN HONDA MOTOR COMPANY, C.A. No. 3:15-00028

<u>Western District of Washington</u>

FLANIGAN v. AMERICAN HONDA MOTOR COMPANY, INC., C.A. No. 3:15-05390